IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

ROSA PINEDA
1700 Lewis Avenue
Rockville, Maryland  20851

    Plaintiff

v.                                           Case Number RWT 04 CV 2647

DALLAS BUNTON, trading as
MEDICAL SERVICES BILLING AND
RECEIVABLES MANAGEMENT
SERVICES ORGANIZATION
2810 Walker Road
Suite 100
Chattanooga, Tennessee  37421

    Defendant

COMPLAINT
(Class Action for Violation of the
Fair Debt Collection Practice Act)

Rosa Pineda, plaintiff, on behalf of herself, and on behalf of the entire class of persons similarly situated, by her attorney Benjamin A. Klopman, sue defendant Dallas Bunton trading as Medical Services Billing and Receivables Management Services Organization (hereinafter "Medical Services" and states the following as her complaint

    1.  This Court has subject matter jurisdiction over the dispute herein pursuant to 28 U.S.C. §1331, as there is a federal question presented, as well as under 15 U.S.C. §1692k(d

2. This Court has personal jurisdiction over defendant because defendant regularly transacts business in the State of Maryland.

3  Defendant is and has been in the past engaged in the business of collecting debts owed to others and is a "debt collector" under 15 U.S.C. §1692a(6).

4. Plaintiff is a resident of Montgomery County, Maryland

5. Plaintiff brings this action pursuant to Fed. R. P. 23 as a class action on her own behalf and on behalf of entire class of people similarly situated who have had their rights under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (hereinafter "the Act" violated by the defendant.

6. The members of the class are so numerous hat their joinder is impracticable. The approximate size of the class is unknown at this time.

7  There are common questions of law or fact in this action that are common to the class, i.e., whether defendant is a debt collector and by its collection practices as described below violated the rights of plaintiff and the other members of the class, as provided for under the Act.

8. The claim of the plaintiff is representative and typical of i.e., similar to) the claims of the other members of

the class. The plaintiff will fairly and adequately protect the interests of the class.

9. This action is properly maintained as a class action under Fed. R. Civ. P. 23(b) 1)A in that separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for the defendant to comply with the Act.

10. This action also is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(b) 1)B in that separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would, as a practical matter, be dispositive of the interests of other members not party to the adjudications, or would substantially impair or impede their ability to protect themselves.

11. This action is also properly maintained as a class action pursuant to Fed. R. Civ. P. 23(b)(2) as the defendant has acted in a similar manner generally applicable to the members of the class thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

12   This action also is properly maintained under 23(b that questions of law or fact common to members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy between the class and the defendants.

13.  The commonality of issues of law and fact, as well as he relatively limited ability o each class member substantially diminishes the interest of members of the class in individually controlling the prosecution of separate actions Many of the members of plaintiff's class are unaware o their rights to prosecute a claim against defendant.  There has been li le, if any, litigation already commenced by members of lass to determine the questions presented herein.  It is desirable that the claim be concentrated in this forum due to the ac that the plaintiff, defendant and witnesses all have a connection to the State of Maryland.  This c ass action can be managed without undue difficulty, because plaintiff wi vigorously pursue the interests of he class

### CLAIM OF PLAINTIFF
(Violation of Fair Debt Collection Practices Act)

14   Plaintiff incurred a debt for personal, fami y or household purposes with Shady Grove Adventist Hospital, located

4

at 9901 Medical Center Drive, Rockville, Maryland 20850, for medical services.

15. Defendant, trading as Medical Services, communicated with plaintiff in connection with her past due Shady Grove Adventist Hospital bill.

Defendant, trading as Medical Services, regularly collects debts owed to others and is a "debt collector" under 15 U.S.C. §1692a(6).

Defendant, trading as Medical Services, violated §1692g by failing to provide information to the plaintiff in its initial communication or within five (5) days after its initial communication disclosing that plaintiff had thirty (30) days to dispute the validity of the debt under 15 U.S.C. §1692g(a)(3 and that the plaintiff had the right to request verification of the debt, as required under 15 U.S.C. §1692g(a 4);

Defendant, trading as Medical Services, in violation of 15 U.S.C. §1692e(11), failed to disclose in its collection letters to plaintiff that the communication was from a debt collector

As a result of defendant's violation of the above provisions of the Act, plaintiff has sustained statutory and actual damages, as well as incurred attorney's fees and litigation costs.

20. Therefore, plaintiff and the members of the class are entitled pursuant to 15 U.S.C §1692k to recover actual damages and statutory damages, plus attorney's fees and litigation costs

WHEREFORE, plaintiff requests the following relief

that this Court certify this action as a class action and set this matter in for trial; and

B. that the Court enter judgment for plaintiff and the members of the class against the defendant for:

a) actual damages, statutory damages and additional damages for the other class members as set forth in U.S.C. 15 §1692k;

b) costs, attorney's fees and all other damages suffered by plaintiff and the members of the class; and

c) appropriate injunctive and declaratory relief to protect this class from further damage by the defendant; and

that plaintiff be awarded any additional relief that the Court deems fair, just and appropriate

BENJAMIN A KLOPMAN, CHARTERED

By: /s/ Benjamin A. Klopman

216 North Adams Street
Rockville, Maryland 20850
(301) 424-0677

Attorney for Plaintiff
Rosa Pineda

6